IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| LADY'S SIGNED TIFFANY & COMPANY PLATINUM DIAMOND ENGAGEMENT RING, SERIAL NO. 34016593/PO6200175, | ) ) ) | COMPLAINT IN FORFEITURE |
| | ) | |
| Defendant. | ) | |

NOW COMES plaintiff, the United States of America, by David A. Sierleja, Acting United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

### JURISDICTION AND INTRODUCTION

1. This Court has jurisdiction over this <u>in rem</u> proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, 18 U.S.C. § 981, and 21 U.S.C. § 881.

2. This Court has venue in this matter pursuant to 28 U.S.C. §§ 1355 and 1395.

3. Defendant LADY'S SIGNED TIFFANY & COMPANY PLATINUM DIAMOND ENGAGEMENT RING, (hereinafter "defendant ring") was seized on April 6, 2014, and is currently in the possession of the federal government.

4. Subsequent to the seizure, DEA commenced administrative forfeiture proceedings against the defendant ring. A claim was submitted in the administrative forfeiture proceeding to the defendant ring by Robert Lin (hereinafter "Lin"), necessitating the filing of this judicial forfeiture action.

5. The defendant ring is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds from drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. §§ 841(a) and 846, and pursuant to 18 U.S.C. § 981(a)(1)(A) because it was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

## FORFEITURE COUNT

6. As part of a joint criminal investigation by DEA, the Lake County Narcotics Task Force, the Internal Revenue Service—Criminal Investigations, and the United States Postal Inspection Service (hereinafter "USPIS") into illegal trafficking of marijuana, law enforcement learned that William Bryce Murphy (hereinafter "Murphy"), Michael W. Spellman (hereinafter "Spellman"), and others were involved in a conspiracy from at least April of 2014, through at least April of 2016, to illegally distribute marijuana in northeast Ohio and western Pennsylvania.

7. The Murphy drug trafficking organization (hereinafter "Murphy DTO") regularly shipped parcels containing marijuana to Ohio directly from Hawaii and directed others to ship parcels containing marijuana to Ohio from Oregon and California.

8. Murphy sold marijuana at prices of $2,700.00 to $3,800.00 per pound.

9. Additionally, Murphy designed a scheme to launder the proceeds of the Murphy DTO's marijuana trafficking activities so as to conceal the nature, source, location, ownership, and control of those proceeds.

10. As part of that scheme, Murphy had Spellman direct buyers to deposit their payments for marijuana shipments into Spellman's and/or another person's bank accounts located in Ohio. In Hawaii, Murphy and Spellman withdrew the deposited funds by using debit cards to access the Ohio accounts.

11. Buyers were also directed to provide cash payment for their marijuana purchases to Young Hee Park, who would mail the cash to Murphy and Spellman through the United States Postal Service (hereinafter "USPS"). A total of 965 parcels were sent from Northeast Ohio to Hawaii, California, or Oregon, between May 5, 2014, and April 5, 2016. Each parcel weighed under two pounds, a weight consistent with bulk currency parcels, and most listed a return business address in northeast Ohio for either Kona Coffee 808 or another business Murphy controlled.

12. Murphy incorporated Kona Coffee 808, Inc. (hereinafter K.C. 808") in the State of Nevada. The corporate registration records list Murphy as Agent, Secretary, Treasurer, and Director and Spellman as CEO, President and Director. The Murphy DTO used this company as a front for its drug trafficking operations.

13. Promotional material for K.C. 808 claimed it was engaged in the business of growing coffee in Hawaii.

14. No coffee was grown by K.C. 808 in Hawaii or elsewhere, nor were any substantial sales of coffee made by the corporation.

15. Marijuana was grown by the Murphy DTO in a greenhouse and adjacent properties owned by K.C. 808 or otherwise owned or controlled by Murphy, located in Hawaii.

16. The Murphy DTO also purchased marijuana from other suppliers for distribution.

17. At Murphy's direction, Spellman would package marijuana in five pound coffee bags for shipment by USPS to Ohio, placing some loose coffee beans in each parcel to create an aroma.

18. A total of 1,113 parcels were shipped directly or indirectly by Murphy and/or Spellman from Hawaii, California, and Oregon, to addresses in Northeast Ohio and Western

Pennsylvania between April 23, 2014, and March 31, 2016. The parcels each weighed between three and six pounds and were similar in size, appearance, and labelling.

19. An additional 130 parcels were shipped from Ohio, California, and Oregon by the Murphy DTO to University Hotel, located in Cleveland, Ohio. Each parcel weighed between three and six pounds and were similar in size.

20. Lin operates and controls the University Hotel. Lin is a listed officer in the corporation which owns the hotel.

21. Murphy directed Spellman to prepare invoices for the sale of coffee to Lin even though Lin did not purchase any coffee from Murphy or from K.C. 808.

22. As part of the money laundering scheme and to facilitate the underlying drug trafficking activities, Murphy and Lin entered into a promissory note in which Lin purported to invest $150,000 into K.C. 808; however, banking records do not support the funding of this note.

23. Murphy purchased defendant ring from Tiffany & Company in Hawaii for $111,780.

24. The initial sales records listed Yueh Lin as the purchaser of the defendant ring with the recipient to be Murphy. Yueh Lin is Robert Lin's mother.

25. Payment records indicate the following individuals contributed to the purchase price of the ring: Yueh Lin's credit card was used to make three payments totaling $60,000; Robert Lin made a cash payment of $26,780; Spellman paid $5,000 using a credit card at Murphy's direction, and $20,000 was paid through unidentified credit cards not associated with Lin.

26. Murphy took direct possession of the defendant ring from Tiffany & Company.

27. Murphy was the actual owner of the ring and was in possession of the ring on the date his residence was searched on April 6, 2014.

28. Murphy had Tiffany & Company provide the valuation report in the name of So Young Park to a post office box address in Hawaii.

29. So Young Park resides with Murphy in Hawaii and is the mother of his children. So Young Park is Young Hee Park's daughter.

30. Murphy indicated to law enforcement that he intended the defendant ring to be a gift for So Young Park.

31. The defendant ring was located in a bedroom shared by So Young and Murphy at their Hawaii residence.

32. Other than their drug trafficking activities, Murphy and Spellman have no other source of income.

33. Murphy has a criminal drug history, including convictions in 1999 in the Lake County Court of Common Pleas for trafficking in cocaine and marijuana, in 2003 in the Cuyahoga County Court of Common Pleas for aggravated possession of drugs, and in 2010 in the Lake County Court of Common Pleas aggravated drug trafficking.

34. Spellman has a criminal history, including convictions in 2004 in the Geauga County Court of Common Pleas for aggravated theft and 330 counts of forgery.

35. By reason of the foregoing, defendant ring is subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

WHEREFORE, plaintiff prays that this Court enter judgment condemning the Defendant ring and forfeiting it to the United States of America for disposition according to law, and for such other relief as this Court may deem just and proper.

Respectfully submitted,

David A. Sierleja
Acting United States Attorney

By: _____
Phillip J. Tripi
Reg. No. 0017767
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Phone: (216) 622-3769
Fax:    (216)522-7499
Phillip.Tripi@usdoj.gov

7
## VERIFICATION

STATE OF OHIO )
) SS.
COUNTY OF CUYAHOGA )

I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

Phillip J. Tripi
Assistant U.S. Attorney

Sworn to and subscribed in my presence this ___19th___ day of May, 2017.

Notary Public



**MELANIE KATE SANDS**
Notary Public, State of Ohio
My Commission Expires May 6, 2020